UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LESLIE SHON WEATHERS, individually and on behalf of all others similarly situated, | No. |
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | JURY TRIAL DEMANDED |
| TORI BELLE COSMETICS, LLC, a Washington limited liability company; and DOES 1-10, | |
| Defendants. | |

Plaintiff Leslie Shon Weathers ("Plaintiff"), individually and on behalf all others similarly situated, by and through her attorneys, brings this Class Action Complaint against Defendant Tori Belle Cosmetics, LLC ("Defendant" or "Tori Belle"), and alleges, upon personal knowledge as to her own actions, her counsel's investigations, and facts that are a matter of public record, and upon information and belief as to all other matters, as follows:

## I.    INTRODUCTION AND NATURE OF THE ACTION

1.    This is a class action against Tori Belle on behalf of its current and former independent contractors (hereinafter, "Affiliates") for breach of contract. Tori Belle requires its Affiliates to sign an identical form contract as a condition of hire. This contract requires Tori Belle to stop charging an Affiliate if he or she earns less than $300 in retail sales within a

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

consecutive six-month period. It also requires Tori Belle to stop charging an Affiliate if he or she does not pay the required monthly access fee of $9 for three consecutive months. Tori Belle routinely charged its Affiliates fees in violation of these contractual provisions. In fact, Plaintiff never received a single payment from the company, never sold any products, and was never an active salesperson, yet Tori Belle nonetheless charged her for twenty-six monthly $9 payments.

## II.     PARTIES

2.     Plaintiff Leslie Shon Weathers is a resident of Johnson County, Texas.

3.     Defendant Tori Belle Cosmetics, LLC is a Washington limited liability company with its principal place of business in King County, Washington.

## III.     JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action wherein the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one member of the class is a citizen of a state different from the Defendant.

5.     This Court has personal jurisdiction over Defendant because Defendant's principal place of business is located in the State of Washington.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these claims occurred in, were directed to, and/or emanated from this District. Defendant resides within this judicial district and a substantial part of the events giving rise to the claims alleged herein occurred within this judicial district.

## IV.     FACTUAL ALLEGATIONS

7.     Tori Belle is a multilevel marketing company that employs a pyramid-shaped sales structure to sell cosmetic products worldwide through independent contractors.

8.     Plaintiff and Class Members worked for Tori Belle as independent contractors, also known as "Affiliates."

CLASS ACTION COMPLAINT - 2

9.     Affiliates agree to work for Tori Belle to sell cosmetic products and to recruit other Affiliates to sell products.

10.     Affiliates earn portions of the proceeds from their own sales, but an Affiliate's largest earnings are made from the sales of their recruits. An Affiliate's recruits are referred to as a "downline." Affiliates receive a portion of the product sales from each individual in their downline, and the rest of the proceeds from these sales are sent up the pyramid. Each Affiliate who is higher up the pyramid keeps a percentage of each sale, and a portion of each sale is reserved for Tori Belle, which sits at the apex of the pyramid.

11.     Tori Belle also generates extensive revenue by charging its Affiliates significant fees and costs.

12.     Of particular note is the Tori Belle "website fee" or "access fee" of $9 per month, which it charges each Affiliate each month.

13.     Tori Belle requires each Affiliate to maintain an active credit card on file, and prevents Affiliates from deleting the credit card information without inputting a new, active credit card.

14.     Tori Belle then quietly charges each Affiliate's credit card the $9 website fee each month, regardless of whether the Affiliate is active in the company, and often without the Affiliate even being aware of it. There is no notice of the charge, no email, SMS, or alert, or any indication whatsoever that the charge has occurred. Tori Belle provides no central portal, login, or application that would permit an Affiliate to research the amount of charges made to his or her credit card. The only way method an Affiliate would be aware of this ongoing charge would be to check his or her credit card statement.

15.     Tori Belle's Policies and Procedures agreement, also known as its "Affiliate Agreement" (revised December 17, 2019) (the "Agreement") provides for termination of the Agreement if an Affiliate fails to pay their access fees for three consecutive months. Page 5 of the Agreement states:

**Term and Renewal**

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

The term of the Affiliate Agreement is month-to-month and is automatically renewed upon the payment of the monthly access fee. The monthly access fee pays for the Affiliate's general & product liability insurance as well as access to their back office and replicated Website. Should an Affiliate fail to pay their monthly access fee, the Affiliate's business will be put on suspension and they will not be eligible for commissions or bonuses for that month until all past-due access fees are paid. If the Affiliate fails to pay their access fee for three (3) consecutive months, the Affiliate Agreement will be terminated.

16.     This term is stated again on page 34 of the Agreement: "[I]f if three (3) consecutive months are not paid, the Affiliate will be cancelled and the three (3) consecutive missed payments will be deducted from any owed commissions."

17.     The Agreement also provides for an automatic termination and the cessation of all access fees after a consecutive six-month period with less than $300 of retail sales. Page 33 of the Agreement states:

> **Section 27. Inactivity and/or Termination of Affiliate**
> …
> Following a Affiliate's non-renewal of their Affiliate Agreement, termination for inactivity, (less than $300 of retail sales within a six month period), voluntary or involuntary termination of their Affiliate Agreement (all of these methods are collectively referred to as "termination"), the former Affiliate shall have no right, title, claim or interest to the marketing organization which they operated, or any commission or bonus from the personal retail sales generated by the organization.
> An Affiliate whose business is terminated will lose all rights as an Affiliate.

18.     The Agreement was the single instrument that provided Tori Belle the right to charge Affiliates. Upon its termination, Tori Belle was required by its terms to cease charging Affiliates upon termination of the Agreement.

19.     The Agreement is a Washington contract drafted by Tori Belle.

20.     The Agreement constitutes an adhesion contract.

21.     Tori Belle did not cease charging Affiliates monthly fees after their Agreements were terminated due to inactivity or periods of nonpayment. Instead, Tori Belle continued charging former Affiliates monthly fees, sometimes for years after their Agreements were

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

terminated. Tori Belle was so aggressive in its overcharging, that some Affiliates had to cancel their credit cards to avoid being charged because their complaints to Tori Belle were ignored. Further, Tori Belle made a business decision not to reverse erroneous charges even when Affiliates complained, opting instead to just keep the money.

***Plaintiff Leslie Shon Weathers' Experience***

22.     Plaintiff is a former Affiliate whose active involvement with the company was minimal.

23.     In January 2020, Plaintiff joined Tori Belle as an Affiliate and placed an order for approximately $18 of products.

24.     Plaintiff signed the Agreement, but never became active in Tori Belle: she never sold any product, nor recruited any other salespeople as part of her downline.

25.     She was aware only of the first $9 charge, which gave her access to the Tori Belle website. She was unaware that Tori Belle continued to quietly charge her credit card each month.

26.     For 25 months after the month in which she signed up to be an Affiliate, Tori Belle continued to charge her $9 each month.

27.     On August 11, 2022, Plaintiff emailed Tori Belle and asked the company to cancel her account.

28.     On August 15, 2022, Tori Belle again charged Plaintiff a $9 fee.

## V.     CLASS ALLEGATIONS

29.     Plaintiff brings this nationwide class action pursuant to rules 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure, individually and on behalf of all members of the following class ("Class"):

> All current and former independent contractors of Tori Belle Cosmetics, LLC residing in the United States who, between August 16, 2016 and final judgment in this matter, were charged monthly fees in violation of the Affiliate Agreement.

30.     Excluded from the Class are the Defendant's officers, directors, trustees, legal representatives, heirs, successors, and assigns.

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

31.     Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is appropriate.

32.     **Numerosity**: The Class is so numerous that joinder of all members is impracticable. Class members number at least in the hundreds, and potentially thousands. The exact number of Class members and their addresses can be ascertained from the Defendant's records through discovery.

33.     **Commonality**: There are questions of law and fact common to the Class. Each Class member has been subject to the same course of conduct by Defendant and has suffered harm as a result of the conduct. These common questions include: (a) Whether Defendant violated its own Agreement; (b) The legality of Defendant's assessment of fees to individuals who had separated from the company; and (c) Whether Plaintiff and Class members were damaged as a result of Defendant's practices.

34.     **Typicality**: Plaintiff's claims are typical of those of the Class members because all were charged recurring monthly fees despite Tori Belle's contractual obligation to cease charging such fees.

35.     **Adequacy of Representation**: Plaintiff will fairly and adequately represent and protect the interests of Class members. Plaintiff's Counsel is competent and experienced in litigating class and collective actions.

36.     Class certification is appropriate under Rule 23(b)(1)(A) because the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendant.

37.     Class certification is also appropriate under Rule 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate as to the Class as a whole.

38.     Class certification is likewise appropriate under Rule 23(b)(3) because the questions of law and fact common to Class members predominate over any questions affecting

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

only individual members, including legal and factual issues relating to liability and damages. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class individually to redress the wrongs done to them. The Class is readily definable, and prosecution of this action as a class action will eliminate the possibility of repetitious litigation. Plaintiff will encounter no undue difficulty in managing this action as a class action.

## VI.   CAUSE OF ACTION

### FIRST CAUSE OF ACTION
**Breach of Contract**
***On Behalf of Plaintiff and the Class***

39.   Plaintiff re-alleges and incorporates by reference all foregoing factual allegations.

40.   Pursuant to the Agreement, Defendant had a contractual obligation to terminate Plaintiff and members of the Class upon nonpayment or inactivity, and to cease charging them monthly fees. Defendant breached the Agreement by continuing to charge monthly fees after termination of the Agreement.

41.   Defendant further breached its duty of good faith and fair dealing, which required faithfulness to an agreed common purpose and consistency with the justified expectations of the other party.

42.   Plaintiff and members of the Class were damaged by Defendant's various breaches of contract.

## VII.   PRAYER FOR RELIEF

43.   WHEREFORE, Plaintiff, on behalf of herself and the Class members, requests judgment against the Defendant and that the Court grant the following:

A.   For an Order certifying the Class as defined herein and appointing Plaintiff and her Counsel to represent the Class;

B.   For equitable relief enjoining Defendant from engaging in the wrongful conduct complained of herein pertaining to charging Plaintiff and Class members illegal monthly fees;

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

C.      Injunctive relief requiring Defendant to refrain from further illegal conduct as outlined above;

D.      For an award of damages, including actual, nominal, and consequential damages, as allowed by law in an amount to be determined;

E.      For an award of attorneys' fees, costs, and litigation expenses, as allowed by law;

F.      For prejudgment interest on all amounts awarded; and

G.      Such other and further relief as this Court may deem just and proper.

## VIII.   DEMAND FOR JURY TRIAL

Plaintiff hereby demands that this matter be tried before a jury.

DATED August 16, 2022.                              EMERY | REDDY, PLLC

By:      */s/ Timothy W. Emery*
By:      */s/ Patrick B. Reddy*
TIMOTHY W. EMERY
WSBA No. 34078
PATRICK B. REDDY
WSBA No. 34092
Emery Reddy, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
*Attorneys for Plaintiff Leslie Shon Weathers*

CLASS ACTION COMPLAINT - 8